UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL RAY ROBINSON,<br><br>          Plaintiff,<br><br>     v.<br><br>IDAHO STATE BAR, THE BOARD OF ADAMS COUNTY COMMISSIONERS, and THE SUPREME COURT OF THE STATE OF IDAHO,<br><br>          Defendants. | Case No. 1:14-mc-07901-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court in the above entitled matter are the Plaintiff's Motion for Preliminary Injunction and the Defendants' Motions to Dismiss. (Dkt. 1, 4, 5.)The parties have filed responsive briefing and the Motions are ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael Ray Robinson initiated this action by filing a Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. 1.) Mr. Robinson asks this Court to enjoin the Defendants Adams County Commissioners ("Adams County") and the Idaho State Bar and the Idaho Supreme Court (collectively the "State Defendants") from taking certain actions in regards to the disbarment proceedings currently pending against him. (Dkt. 1, 2.) In addition, Mr. Robinson requests that this Court set aside the interim suspension of his right to practice law in Idaho and order that he be allowed to return to his position as the Prosecuting Attorney for Adams County, Idaho. The Court previously denied the request for a temporary restraining order and took under advisement the request for a preliminary injunction. (Dkt. 3.) The Defendants then filed the instant Motions to Dismiss arguing this Court is without jurisdiction to consider the claims raised by Mr. Robinson. (Dkt. 4, 5.) The Court has reviewed the parties' briefing on the pending Motions and finds as follows.

## STANDARD OF LAW

The Defendants' Motions to Dismiss are made, primarily, under Federal Rules of Civil Procedure 12(b)(1) lack of subject matter jurisdiction. A defendant's challenge to a plaintiff's standing under Federal Rule of Civil Procedure 12(b)(1) draws into question the Court's subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) motion may be asserted either as a facial challenge to the complaint or a factual challenge. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *Id.*; *see also Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988). When reviewing a facial challenge, the court is limited to the allegations in the complaint, the documents attached thereto, and judicially noticeable facts. *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000).

Conversely, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court may review extrinsic evidence, and if the evidence is disputed, the Court may weigh the evidence and determine the facts to satisfy itself as to its power to hear the case. *Id.* "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub. Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of proving that the case is properly in federal court. *See In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citation omitted).

## DISCUSSION

1. **State Defendants' Motion to Dismiss**

    A. **State Sovereign Immunity**

The State Defendants argue subject matter jurisdiction is lacking in this case based

on sovereign immunity. (Dkt. 14.) Mr. Robinson agrees that the State's entity defendants may be dismissed under sovereign immunity but argues that the State should waive its sovereign immunity in this case. (Dkt. 7.)

The text of the Eleventh Amendment "deprive[s] federal courts of jurisdiction over suits by private parties [of another state] against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)); U.S. CONST. AMEND. XI.[1] A state's sovereign immunity extends to cases, such as this one, where the state's own citizen has brought suit against the state. *See Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). This immunity also applies to state agencies such as the Supreme Court of Idaho and the Idaho State Bar. *See Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) ("Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court."). This immunity can be waived by the state and/or Congress can abrogate the immunity. *See Edelman*, 415 U.S. at 673; *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000).

---

[1] The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI.

The State Defendants have not waived sovereign immunity and Congress has not abrogated it for purposes of this case. (Dkt. 8.) Therefore, the Court finds Mr. Robinson's claims against the State and its agencies are barred. The Motion to Dismiss is granted as to these Defendants.

### B. Additional Claims and Defendants

In his response brief, Mr. Robinson states that he intends to add civil rights claims under 42 U.S.C. § 1983 and include additional individual defendants to this action who would not be protected by sovereign immunity. (Dkt. 7.) Specifically, Mr. Robinson stated he would be filing a complaint and/or motion to add the current Justices of the Idaho Supreme Court and the Executive Director of the Idaho State Bar. (Dkt. 7 at 3.) The State Defendants counter that any attempt to add claims against individual defendants should be rejected as futile under the *Younger* abstention doctrine and absolute prosecutorial immunity. (Dkt. 4, 8.)[2]

In his response brief, Mr. Robinson requested additional time to file another motion and complaint adding these individual defendants and/or claims. (Dkt. 7.) More than ample time has passed for Mr. Robinson to have submitted these filings. The Court has searched

---

[2] In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (quoting *Middlesex Cnty. Ethics Committee v. Garden State Bar*, 457 U.S. 423, 431 (1982)). The *Younger* doctrine applies to both civil and criminal proceedings where important state interests are involved. *Id.* "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Id.* (internal quotations and citations omitted). Where the *Younger* doctrine applies, the court should dismiss the case. *Id.* It is unclear at this point whether there is any ongoing state proceeding. As such, it does not appear that *Younger* applies.

the record and found no additional filings have been made to add individual defendants and/or claims. Therefore, there is nothing before the Court to rule upon in this regard. The State Defendants' Motion to Dismiss is granted.

## 2.     Adams County's Motion to Dismiss

### A.     Sovereign Immunity

Adams County adopts the arguments made by the State Defendants' in their Motion to Dismiss. The sovereign immunity enjoyed by the State Defendants, however, applies only to States and "arms of the State." *See Northern Ins. Co. of N.Y. v. Chatham Cnty., Ga.*, 547 U.S. 189, 193 (2006). Sovereign immunity has not been extended to municipalities and counties. *Id* (citing cases). Thus, Adams County does not have sovereign immunity in this case.

### B.     *Rooker-Feldman* Doctrine

Adams County also argues subject matter jurisdiction is lacking in this case based on the *Rooker-Feldman* doctrine. (Dkt. 5 at 5-6.) Under the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments because jurisdiction over such appeals is vested exclusively with the United States Supreme Court. *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine states that "[i]f the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief], then the District Court is in

essence being called upon to review the state court decision. This the District Court may not do." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483 n. 16). To put it simply, *Rooker–Feldman* prohibits a plaintiff from bringing a *de facto* appeal to a federal district court complaining of a legal wrong allegedly committed by the state court that seeks relief from the judgment of that court. *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

This is a miscellaneous case opened upon the filing of Mr. Robinson's Motion for Preliminary Injunction. Here, Mr. Robinson seeks to enjoin the Defendants from acting on the Idaho Supreme Court's decision suspending his license to practice law in the State of Idaho until he can challenge the underlying disciplinary proceedings. (Dkt. 1.) The state proceedings began in May of 2013 when the Idaho State Bar filed its Complaint against Mr. Robinson. The Idaho State Bar held a hearing and, on June 2, 2014, issued its Findings of Fact and Conclusions of Law. (Dkt. 5-3, Ex. A.) On June 3, 2014, the Idaho Supreme Court entered an Order for Interim Suspension of Mr. Robinson's bar license. (Dkt. 5-4, Ex. B.) On June 6, 2014, Mr. Robinson filed his Motion for Temporary Restraining Order and Preliminary Injunction in this case. (Dkt. 1.)

The Court finds it does not have subject matter jurisdiction to proceed in this case in the manner requested by Mr. Robinson. This action is solely based on Mr. Robinson's Motion asking for injunctive relief from enforcement of the Idaho Supreme Court's decision issued in his particular case. In order to obtain that relief, this Court would necessarily have to exercise appellate-type review and reject the Idaho Supreme Court's decision imposing interim suspension of Mr. Robinson's license to practice law. *See e.g. Scheer v. Kelly*, __

F.3d __, No. 14-55243, 2016 WL 1296887, at *1 (9th Cir. April 4, 2016) (Attorney's "challenge to the State Bar's decision in her own case is a de facto appeal of the Supreme Court of California's denial of her petition for review, "brought by [a] state-court loser[ ] ... inviting district court review and rejection of [the state court's] judgments.") (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). *Rooker-Feldman* precludes such review. *See Noel*, 341 F.3d at 1164 (*Rooker–Feldman* bars subject matter jurisdiction in federal district court "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision."). While he cannot seek appellate review by this Court of that particular decision, Mr. Robinson may not be precluded by the *Rooker-Feldman* doctrine from bringing a general challenge to the constitutionality of the state proceedings. *See id.* ("If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction."). That is not, however, what is before the Court in this case. There are no claims generally challenging the state court proceedings made in this case. All that is presented in this case is Mr. Robinson's request to prevent the Defendants from enforcing the Idaho Supreme Court's decision imposing interim suspension against Mr. Robinson. This Court lacks subject matter jurisdiction to proceed on that request. Accordingly, the Court grants Adams County's Motion to Dismiss.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1. Defendant the Board of Adams County Commissioner's Motion to Dismiss (Dkt. 5) is **GRANTED**.

2. Defendants the Idaho State Bar and the Supreme Court of the State of Idaho's Motion to Dismiss (Dkt. 4) is **GRANTED**.

3. The Motion for Preliminary Injunction (Dkt. 1) is **DENIED**.

4. This case is **DISMISSED IN ITS ENTIRETY**.

DATED: **April 14, 2016**

Honorable Edward J. Lodge
U. S. District Judge